MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 29*—*when refusal to require more specific statement of claim is not reviewed.* The discretion vested in a trial judge in not requiring a more specific statement of claim was not abused where interrogatories and answers, as permitted under the practice of the Municipal Court of Chicago, were filed by the defendant.

2. EVIDENCE, § 164*—*when letter is not self-serving.* Where an attorney writes to his client a letter in the nature of a demand for payment of his fees and disbursements and the client replies promising payment, his letter is not a self-serving declaration and both letters are admissible in evidence.

3. LIMITATION OF ACTIONS, § 117*—*when evidence is sufficient to show promise.* Where in an action upon an account stated the plaintiff testifies he presented the account and was promised payment in part at a certain time and the balance later and is corroborated by another witness, which testimony is denied by the defendant, there is sufficient proof of the admission of the debt and a promise to pay so that the statute of limitations does not apply.

4. INSTRUCTIONS, § 28*—*when oral instruction proper.* Written instructions may be refused in the Municipal Court of Chicago, where the court determines to charge the jury orally.

---

**Frank L. Tuttle, Appellee, v. Helen M. Newbold, Appellant.**

## Gen. No. 18,825.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 2, 1913.

### Statement of the Case.

Action by Frank L. Tuttle against Helen M. Newbold to recover on a claim for services and disburse-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ments alleged to have been performed and made by one Welch. Plaintiff sues as assignee of said claim. From a judgment in favor of plaintiff for $1,409.79, defendant appeals.

JOSEPH B. FLEMING, for appellant.

HENRY R. RATHBONE, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

1. ACCOUNT, ACTION ON, § 1*—*when verdict sustained by the evidence.* In an action to recover on an account for services and disbursements assigned to plaintiff, a verdict for plaintiff *held* not manifestly against the weight of the evidence.

2. EVIDENCE, § 164*—*when letter is not self-serving.* Where an attorney writes to his client letters in the nature of demands for payment of his fees and disbursements, and the client replies promising payment, the attorney's letters are not inadmissible, in an action to recover for his services, as self-serving declarations and the client's letters are admissible as admissions. Following Welch v. Newbold, Gen. No. 18,818, ante. p. 36.

---

Peter Larsen, Appellee, v. Ward Corby Company, Appellant.

### Gen. No. 18,826.

1. EVIDENCE, § 105*—*when efforts to suppress testimony admissible.* All efforts to suppress material testimony made by a party or his authorized agent is admissible to show an implied admission that he has no right to recover if the case was tried on the evidence in the case as it exists, and that it is not sufficient to entitle him to recover unless he is aided by suppressing evidence or the fabrication of more evidence.

2. APPEAL AND ERROR, § 1777*—*when exclusion of evidence of subornation of witness reversible error.* In an action for per-